■ ANTHONY MICALE, Appellant, v. CHARLOTTE A. DREW et al., Respondents. (Action No. 1.) MARY L. BEATTY, as Administratrix of the Estate of VINCENT W. BEATTY, Deceased, Appellant, v. CHARLOTTE DREW, Respondent. (Action No. 2.) (And another action.) — In consolidated negligence actions to recover damages for personal injury and property damage, the appeal by plaintiff Beatty from a judgment of the Supreme Court, Kings County, dated November 22, 1966, and the appeal by plaintiff Micale, as limited by his brief, from so much of the judgment as dismissed his complaint upon decision of the trial court at the close of plaintiffs' cases in a jury trial on the issues of liability are disposed of as follows: Upon the appeal by Micale, judgment affirmed insofar as appealed from, without costs. No opinion. Appeal by Beatty dismissed, without costs. No brief was filed by her and she did not appear on the call of the calendar. Christ, Acting P. J., Brennan and Hopkins, JJ., concur; Rabin and Benjamin, JJ., concur in the dismissal of plaintiff Beatty's appeal, but dissent as to plaintiff Micale's appeal and vote to reverse the judgment as to him and grant him a new trial, with the following memorandum: Plaintiff Micale was a passenger in a car driven by Vincent Beatty which was involved in a collision with a car driven by Charlotte Drew. Micale sued both Beatty and Drew. Beatty died while the action was pending and his administratrix was substituted in his place. Micale examined Drew before trial, but did not examine Beatty. The only eyewitnesses to the accident were Micale, Beatty and Drew. At the trial, Micale testified that he did not

recall how the accident had happened. Drew could not then be produced as a witness and Micale read into evidence parts of her pretrial examination, but the examination was held by the trial court to be inadmissible against Beatty because the examination had been held without notice to him. The accident was an intersection collision in which the right front end of Drew's car came into contact with the right rear end of Beatty's car. In her pretrial examination, Drew testified that she did not see Beatty's car until she was less than 5 feet from it; that her foot was then on the accelerator and she was going at about 25 miles per hour; and that she then blew her horn, applied her brakes and swung her car to the left. Despite this testimony, the trial court dismissed Micale's complaint at the end of plaintiffs' case on the ground that a prima facie case had not been made out against either defendant. In our opinion, it was error to dismiss the complaint and the case should have been submitted to the jury. On Drew's testimony in her pretrial examination, there was enough to support a jury finding that she was negligent. Her story that she did not see Beatty's car until she was less than 5 feet from it and that she then blew her horn, braked and swung her car to the left (all while traveling at 25 miles per hour) is absolutely incredible and the jury could well have disbelieved it. And even if it believed her story, it could well have found her negligent for failing to see Beatty's car until she was only about 4 feet from it. While Drew's pretrial examination was not binding on Beatty, it is noteworthy that her testimony in that examination that she was proceeding on a green light would indicate that Beatty may also have been negligent. Hence, if we were to reverse as against Drew, justice would require a reversal and new trial as against Beatty as well, so that on the retrial plaintiff Micale would have an opportunity to call Drew as a witness and thus make out a case against Beatty; and Drew would have Beatty as a codefendant to share the payment of a judgment if plaintiff Micale succeeded against both of them.